```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
```

JASMIN M. ORTIZ,

                Plaintiff,

            v.

UNITED FOOD & COMMERCIAL WORKERS
UNION (UFCW), AFL-CIO, LOCAL 348-S and
EDUARDO CORDERO,

                Defendants.

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
14-CV-00743 (MKB)

```
---------------------------------------------------------------
```

MARGO K. BRODIE, United States District Judge:

      On September 12, 2013, Plaintiff Jasmin Ortiz commenced this action in the Supreme Court of New York, Kings County, against Defendants United Food & Commercial Workers Union, AFL-CIO, Local 348-S ("the Union")[1] and Eduardo Cordero, (Notice of Removal, Docket Entry No. 1), alleging sexual harassment, discrimination and wrongful termination from her position at the Union in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the New York State Human Rights Law ("NYSHRL"). (Compl. ¶¶ 10–11, annexed to Notice of Removal as Ex. A.) On February 3, 2014, before Defendant Cordero had been served, the Union removed the proceeding to the Eastern District of

---

[1] The Union has noted in several filings that it no longer operates as Local 348-S but has raised no objection to the name under which it was sued in this case. (*See* Def. Mot. for Pre-Mot. Conf. dated Nov. 19, 2015, Docket Entry No. 32; Def. Statement of Facts Pursuant to Fed. R. Civ. P. 56.1 ("Def. 56.1"), annexed to Def. Notice of Mot., Docket Entry No. 37, as Ex. 2.) After key Union leadership was indicted of racketeering and extortion in 2011, Local 348-S was placed into trusteeship, triggering the dissolution of the prior leadership. (Def. 56.1 ¶ 9.) The AFL-CIO international body took control of the Union and its related funds. (*Id.*) In 2013, the Union was removed from trusteeship. (*Id.* ¶ 10.) On May 1, 2013, Local 348-S was dissolved and United Food and Commercial Workers ("UFCW") Local 2013 was chartered. (Decl. of Javiel Nazario ("Nazario Decl.") ¶ 7, annexed to Def. Notice of Mot. as Ex. 7.)

New York, asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331.[2] (*Id.*) The Union moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Def. Notice of Mot. for Summ. J. ("Def. Notice of Mot."), Docket Entry No. 37.) For the reasons set forth below, the Court grants the Union's motion for summary judgment as to Plaintiff's Title VII claims and remands Plaintiff's state law claims to the Supreme Court of New York, Kings County.

## I. Background

Plaintiff was employed by the Union from 2005 until April 25, 2012, variously as a receptionist, business agent and organizer.[3] (Def. 56.1 ¶ 1, 2.) In November 2011, a human rights representative at the Union informed the trusteeship that Cordero, then an organizer with the Union, was making inappropriate comments to female employees. (Decl. of Richard J. Whalen ("Whalen Decl.") ¶ 11, annexed to Def. Notice of Mot. as Ex. 8.) Counsel for the Union conducted an investigation into the allegations against Cordero, which included interviewing

---

[2] Defendant Cordero has since been served but has not moved for summary judgment.

[3] The Court relies exclusively on the facts in the Complaint, the Union's Rule 56.1 Statement of Undisputed Facts and the exhibits submitted to the Court. Although Plaintiff never filed an opposition brief with the Court, Plaintiff's counsel served on the Union two declarations in opposition to the Union's motion, which the Union subsequently filed with the Court as exhibits to a letter. (*See* Def. Letter dated Apr. 1, 2016 ("Def. Apr. Ltr."), Docket Entry No. 44; E-mail dated Mar. 25, 2016 at 2, annexed to Def. Apr. Ltr. as Ex. 1; Pl. Statement of Material Fact Pursuant to Fed. R. Civ. P. 56.1 ("Pl. 56.1") 3–6, annexed to Def. Apr. Ltr. as Ex. 1; Decl. of Eric I. Prusan ("Prusan Decl.") 7–11, annexed to Def. Apr. Ltr. as Ex. 1.) Because Plaintiff's Rule 56.1 Statement neither responds to the Union's Rule 56.1 Statement nor cites to admissible evidence with any specificity, the Court declines to rely on the statement. *See* Local Civ. R. 56.1(b) ("The papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph . . . ."); Local Civ. R. 56.1(c) ("Each numbered paragraph in the statement of material facts set forth . . . will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party."); Local Civ. R. 56.1(d) ("Each statement by the movant or opponent . . . including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible . . . .").

2

Plaintiff and three other Union employees. (Def. 56.1 ¶¶ 11, 12.) Plaintiff informed Union counsel that, on multiple occasions, Cordero made vulgar comments to her, pulled her close to him and tried to touch her. (Whalen Decl. ¶ 17; Compl. ¶ 18.) The record is disputed as to whether Plaintiff reported Cordero's conduct to the Union prior to the investigation. (*See* Compl. ¶ 19; Report of Patricia McConnell, Esq., annexed to Whalen Decl. as Ex. A; Dep. of Jasmin Ortiz ("Ortiz Dep.") 19:18–22, annexed to Def. Notice of Mot. as Ex. 4; Def. 56.1 ¶ 21.)

Plaintiff took maternity leave in December of 2011 and returned to work in March of 2012. (Def. 56.1 ¶ 32.) On February 3, 2012, while Plaintiff was on maternity leave, she filed a sexual harassment complaint with the Equal Employment Opportunity Commission (the "EEOC") through the New York State Division of Human Rights (the "SDHR"), based on Cordero's conduct toward her and the Union's inaction. (*See* Feb. 2012 Compl. at 12,[4] annexed to Def. Letter dated July 22, 2016, as Ex. A, Docket Entry No. 48[5]; Def. 56.1 ¶ 33; Deposition of Dennis Henry ("Henry Dep.") 54:3–15, annexed to Def. Notice of Mot. as Ex. 5.) According to the Union, when Plaintiff returned from maternity leave, she violated the office policy twice. (Def. 56.1 ¶¶ 34–38.) After being issued a written warning, (Ex. B, annexed to Whalen Decl. at 13), and a one-week suspension, (Ex. C, annexed to Whalen Decl. at 15), Plaintiff was terminated on April 25, 2012, (Def. 56.1 ¶ 40; Ex. D, annexed to Whalen Decl. at 17). On November 14, 2012, the SDHR issued a Notice and Final order dismissing Plaintiff's complaint for administrative convenience. (Feb. 2012 Compl. at 22.) Plaintiff requested and was issued a

---

[4] The Union annexed to its July 22, 2016 letter to the Court the filings and administrative determinations associated with Plaintiff's complaints to the EEOC. (Docket Entry No. 48.) Because the exhibits are not consecutively paginated, the Court refers to the page number assigned by the electronic case filing system.

[5] Because the Whalen Declaration appends exhibits that are not consecutively paginated, the Court refers to the page numbers assigned by the electronic case filing system.

right-to-sue notice under Title VII in February 2013. (Compl. ¶ 21; Dismissal & Notice of Rights ("EEOC Notice"), annexed to Def. Ltr. dated July 22, 2016, as Ex. D.)

### a. Standard of review

Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Davis v. Shah*, 821 F.3d 231, 243 (2d Cir. 2016); *see also Cortes v. MTA N.Y.C. Transit*, 802 F.3d 226, 230 (2d Cir. 2015); *Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015); *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843 (2d Cir. 2013). The role of the court "is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists." *Rogoz v. City of Hartford*, 796 F.3d 236, 245 (2d Cir. 2015) (first quoting *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010); and then citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)). A genuine issue of fact exists when there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. The "mere existence of a scintilla of evidence" is not sufficient to defeat summary judgment. *Id*. The court's function is to decide "whether, after resolving all ambiguities and drawing all inferences in favor of the non-moving party, a rational juror could find in favor of that party." *Pinto v. Allstate Ins. Co.*, 221 F.3d 394, 398 (2d Cir. 2000).

### b. Plaintiff's Title VII claims are time-barred

The Union argues that Plaintiff's federal claims must be dismissed because Plaintiff did not file suit within the period prescribed by Title VII. (Def. Mem. 9.) Plaintiff does not address the Union's argument in her opposition brief.

In order to be timely, a claim under Title VII "must be filed in federal district court

within 90 days of the claimant's receipt of a right-to-sue letter from the EEOC." *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011) (per curiam) (citing 42 U.S.C. § 2000e-5(f)(1)); *Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 598 (E.D.N.Y. 2013). "There is a presumption that a notice provided by a government agency was mailed on the date shown on the notice," and that "a mailed document is received three days after its mailing." *Tiberio*, 664 F.3d at 37 (citing *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 526 (2d Cir. 1996).

Here, the EEOC mailed its right-to-sue notice to Plaintiff on February 21, 2013. (*See* EEOC Notice.) The governing mailing presumptions therefore apply to this case, and the Court presumes that the Plaintiff obtained the EEOC's notice on February 25, 2013. *See Friedman v. Swiss Re Am. Holding Corp.*, 512 F. App'x 94, 96 (2d Cir. 2013) (noting that the presumption that a mailed document is received three days after its mailing applies unless sworn testimony suggests otherwise); *Tiberio*, 664 F.3d at 37 (same). Thus, Plaintiff must have filed the Complaint in court no later than May 27, 2013 in order for it to have been timely.

Plaintiff brought suit in state court on September 12, 2013, well over ninety days from February 25, 2013, (*see* Compl.), and has provided neither an explanation for the delay nor an argument to toll the limitations period. *See Haygood v. ACM Med. Lab., Inc.*, --- F. App'x ---, ---, 2016 WL 944420, at *1 (2d Cir. Mar. 14, 2016) (finding that district court did not err in determining that the plaintiff had not met the "extraordinary" burden to invoke equitable tolling of the Title VII "90-day deadline"). The parties do not dispute the relevant dates. (Compl. ¶ 21; Def. 56.1 ¶ 45.) The Court therefore dismisses Plaintiff's Title VII claims as untimely as a matter of law.

### c. Supplemental jurisdiction over NYSHRL claims

A district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *Alliance of Auto. Mfrs., Inc. v. Currey*, --- F. App'x ---, ---, 2015 WL 1529018, at *3 (2d Cir. Apr. 7, 2015) (holding it was "not improper for the court to decline to exercise its supplemental jurisdiction" after it properly dismissed the plaintiff's constitutional claims); *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir. 1994) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." (alteration in original) (quoting *Castellano v. Bd. of Trustees*, 937 F.3d 752, 758 (2d Cir. 1991))).

Having dismissed Plaintiff's Title VII claims as untimely, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining NYSHRL claims and remands them to state court for further proceedings. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640 (2009) (affirming district courts' discretion to remand state-law claims over which they decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367).

## II. Conclusion

For the foregoing reasons, the Court grants the Union's motion for summary judgment as to Plaintiff's Title VII claims and remands Plaintiff's state law claims to the Supreme Court of New York, Kings County.

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: August 11, 2016
      Brooklyn, New York