```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
```

| | |
|---|---|
| JASMIN M. ORTIZ, | NOT FOR PUBLICATION |
| Plaintiff, | **MEMORANDUM & ORDER**<br>14-CV-00743 (MKB) |
| v. | |
| UNITED FOOD & COMMERCIAL WORKERS<br>UNION (UFCW), AFL-CIO, LOCAL 348-S and<br>EDUARDO CORDERO, | |
| Defendants. | |

```
---------------------------------------------------------------
```

MARGO K. BRODIE, United States District Judge:

On September 12, 2013, Plaintiff Jasmin Ortiz commenced this action in the Supreme Court of the State of New York, Kings County, against Defendants United Food & Commercial Workers Union, AFL-CIO, Local 348-S ("the Union") and Eduardo Cordero, (Notice of Removal, Docket Entry No. 1), alleging sexual harassment, discrimination and wrongful termination from her position at the Union in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the New York State Human Rights Law ("NYSHRL"). (Compl. ¶¶ 10–11, annexed to Notice of Removal as Ex. A.) The Union, but not Cordero, moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Def. Notice of Mot. for Summ. J. ("Def. Notice of Mot."), Docket Entry No. 37.) On August 11, 2016, the Court granted the Union's motion for summary judgment as to Plaintiff's Title VII claims and remanded Plaintiff's state law claims to the Supreme Court of the State of New York, Kings County (the "August 11 Decision"). *Ortiz v. United Food & Comm. Workers Union*, No. 14-CV-743, 2016 WL 4257348, at *1 (E.D.N.Y. Aug. 11, 2016). For the

reasons discussed below, the Court *sua sponte* dismisses Plaintiff's Title VII claims against Defendant Cordero pursuant to Rule 56 of the Federal Rules of Civil Procedure.

I. **Discussion**

   a. **Defendant Cordero cannot be held liable under Title VII**

The Court dismisses Plaintiff's Title VII claims against Cordero because "Title VII does not provide for individual liability." *Cayemittes v. City of N.Y. Dep't of Housing Preserv. & Develop.*, 641 F. App'x 60, 62 (2d Cir. 2016) (citing *Raspardo v. Carlone*, 770 F.3d 97, 113 (2d Cir. 2014)); *see Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012) ("Title VII does not impose liability on individuals."); *Sassaman v. Gamache*, 566 F.3d 307, 315–16 (2d Cir. 2009) (noting that "individuals are not subject to liability under Title VII" (quoting *Patterson v. Cty. of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004))); *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (holding that plaintiff's Title VII claims against individual defendants were "properly dismissed . . . because individuals are not subject to liability under Title VII" (citing *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995))). As a matter of law, Plaintiff cannot sustain her Title VII claim of sexual harassment, discrimination and wrongful termination against Cordero.

   b. **Supplemental jurisdiction over NYSHRL claims**

A district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *Alliance of Auto. Mfrs., Inc. v. Currey*, --- F. App'x ---, ---, 2015 WL 1529018, at *3 (2d Cir. Apr. 7, 2015) (holding it was "not improper for the court to decline to exercise its supplemental jurisdiction" after it properly dismissed the plaintiff's constitutional claims); *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir. 1994) ("[I]f the federal claims are dismissed

before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." (alteration in original) (quoting *Castellano v. Bd. of Trustees*, 937 F.3d 752, 758 (2d Cir. 1991))).

Having dismissed Plaintiff's Title VII claims *sua sponte*, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining NYSHRL claims against Cordero and remands them to state court for further proceedings consistent with Plaintiff's remaining NYSHRL claims against the Union, which were remanded to state court pursuant to the Court's August 11, 2016 Decision. *See Ortiz*, 2016 WL 4257348, at *1; *see also Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640 (2009) (affirming district courts' discretion to remand state-law claims over which they decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367).

## II. Conclusion

Because Plaintiff cannot bring a Title VII claim against Cordero, the Court *sua sponte* dismisses Plaintiff's Title VII claim against Cordero and remands Plaintiff's NYSHRL claims against Cordero to the Supreme Court of the State of New York, Kings County.

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: August 19, 2016
      Brooklyn, New York